Herbst, *Appellant*, v. Merrifield *et al.*

Division One, March 10, 1896.

1. **Adverse Possession**: TRESPASS: CUTTING TIMBER AND REMOVING STONE: PAYMENT OF TAXES: NOTICE TO OWNER. An occasional trespass, such as cutting timber or removing stone from land, and the payment of taxes thereon, where the land is not inclosed, will not amount to assertion of title adverse to the true owner, in the absence of express notice to the latter by the trespasser of assertion of ownership.

2. ———: COLOR OF TITLE: CONVEYANCE OF TWO TRACTS, POSSESSION OF ONE: STATUTE. Under Revised Statutes, 1889, section 6768, providing that "possession, under color of title, of a part of a tract or lot of land in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract," possession of one tract under a deed conveying two separate tracts is not a possession of the other, especially where the usual acts of ownership were not exercised over the latter tract.

*Appeal from Harrison Circuit Court.*—Hon. P. C. Stepp, Judge.

Reversed and remanded.

*D. J. Heaston* for appellant.

(1) Where both parties claim through a common source of title, it is unnecessary to go back of that common source. *Ebersole v. Rankin*, 102 Mo. 488; *Finch v. Ullman*, 105 Mo. 525. (2) Payment of taxes is no evidence of possession. Tax receipts are only admissible in evidence to show the good faith of the claimant. *Chapman v. Templeton*, 53 Mo. 463; *Cashman v. Heirs*, 50 Mo. App. 663. (3) The possession of real estate which will create a bar under the statutes of limitation, must be actual, open, and visible,

such as will give notice to all the world that a claim of ownership is asserted, and it must be continuous, notorious, and adverse for ten years. *St. Louis v. Priest*, 103 Mo. 652; *Scruggs v. Scruggs*, 43 Mo. 142; *Bowen v. Lee*, 48 Mo. 335; *Draper v. Shoot*, 25 Mo. 203; *Cook v. Farrah*, 105 Mo. 492; 2 Washb. Real Prop. [1 Ed.], p. 489; *Bradley v. West*, 60 Mo. 33; *Turner v. Hall*, 60 Mo. 271; *Music v. Barney*, 49 Mo. 458; *Crispen v. Hannavan*, 50 Mo. 536; Tyler on Ejectment [1 Ed.], p. 899; Angell on Limitations [5 Ed.], sec. 403; *Jackson v. Woodruff*, 1 Cow. (N. Y.) 286. (4) Where a deed conveys two or more tracts of land lying two miles apart, taking actual possession of one tract will not operate as actual, open, visible, and adverse possession of the other distant tract so as to make good title thereto by limitation. *Cook v. Farrah*, 105 Mo. 492; *Leeper v. Baker*, 68 Mo. 400; Tiedeman on Real Property, sec. 696; *Grimes v. Ragland*, 28 Ga. 123; *Griffith v. Schwenderman*, 27 Mo. 412; *Morris v. McClary*, 46 N. W. Rep. 238; *Fugate v. Pierce*, 49 Mo. 441; *Tayon v. Ladew*, 33 Mo. 209; *Kurz v. Miller*, 62 N. W. Rep. 182.

ROBINSON, J.—This is an action of ejectment to recover possession of ten acres of land in Harrison county. The petition is in the usual form, alleging the ouster in June, 1892. The answer was a general denial after an admission of defendants' possession.

At the trial plaintiff established a paper title to the land. Defendants then, to show color of title in themselves, read in evidence a deed from one Samuel Merrifield to James Merrifield, one of these defendants, to these and other lands, bearing date March 17, 1871 (fourteen years after said Samuel Merrifield had deeded the land in suit, with other lands, to plaintiff's grantor). There was no controversy but that plaintiff had the better legal title, and defendants' sole reliance to con-

travene that title was upon his adverse possession under color of title for more than ten years next before the filing of this suit.

The case was tried by a jury under instructions from the court, and a verdict was found for defendants. After the usual preliminary steps, plaintiff prosecuted his appeal to this court. The errors assigned, are, *first*, the giving of improper instructions by the court on behalf of the defendant, and, *second*, that the verdict of the jury and the judgment thereon by the court were not justified by the evidence.

The testimony showed that the defendant James Merrifield lived upon a farm of five or six hundred acres, deeded to him by his father in 1871, from the time of the making of the deed up to the institution of this suit, and that he claimed as his own, up to the time that he contracted it to his codefendant Hammond, this ten acre strip, which was included in the deed to the home farm from his father in 1871; that defendant Merrifield's farm was about two miles distant from this land, and that he on several occasions cut a few poles from this land and that he hauled the tops of trees cut down by him, to his home for firewood; also that he dug a few stones from the bluff alone a ravine running through the land and permitted two or three other persons to do so. No fence or other improvement was ever put upon the lands until within the past two or three years, and the only acts of control or possession of the lands to be observed by anyone was as above indicated. It might here also be said that the defendant Merrifield has paid the taxes due on this land for a number of years after he received the deed to it from his father in 1871.

There was no testimony tending to prove that plaintiff's grantors were ever informed of, or had any knowledge of, the acts of ownership or claim of de-

fendants or either of them.    About three years before
the institution of this suit, the present plaintiff, who
then lived adjoining this tract, fenced it in, with other
lands belonging to him, by permission of defendant
James Merrifield.    In about a year thereafter defend-
ant Merrifield contracted this land to defendant Ham-
mond, and he, Hammond, took possession of same
and built a small house upon it and shortly thereafter
the plaintiff bought the land from the true owner and
began this suit of ejectment for possession against
defendant Hammond, and the defendant Merrifield
was permitted to defend under his claim of former
adverse possession.

We think the evidence was wholly insufficient to
show adverse possession by defendant under the ruling
of this court in the case of *Nye v. Alfter*, 127 Mo. 529
(and cases there cited).    Nothing was done on or
about this land by defendants, until within the past
three years, from which the true owner of the legal
title could reasonably infer that an adverse occupancy
or use of the land was asserted by anyone.    Here the
land was unfenced.    No monuments were placed about
it to indicate the boundaries of defendant's claim, and
no acts, other than such as the nonclaiming trespasser
too frequently asserts to lands that are left uninclosed
in this country, were done to show defendant's ad-
verse assertion of claim to the land.

The mere assertion of ownership by the acts above
indicated would not be sufficient to invest title in
defendant under the claims of adverse possession unless
such acts and claims of ownership were known to the
parties holding the legal title, and known to have been
done under a claim of title adverse to his rights.    The
occasional cutting of firewood or the taking of rock
from this land by defendant Merrifield and others by
his permission, after the manner indicated by the testi-

mony in the case, could not have been considered other than as a temporary trespass, in the absence of an express showing to the contrary, even if it were conceded, or had proof been made, that plaintiff's grantors knew of the acts and made no complaint (which however are not the facts of this case).

Possession to constitute a disseizin against the owner of the legal title, when not actual, must generally be so notorious by acts of assertion, that it may be presumed to have been known to the rightful owner. It should be so open and notorious that in passing by or over his lands the owner could not reasonably be deceived. Acts of ownership by others than the holder of the legal title should not be held sufficient to constitute adverse possession unless they were of such frequency and of such a character as would at all times apprise the real owner that his seizin was interrupted and that his title was endangered. Most dangerous results would flow from the permission by courts of titles by limitation to ripen, in favor of those holding mere color of title, without actual occupancy, by acts of ownership so slight in and of themselves as not calculated to attract the attention of the real owner, or to indicate that his seizin (that follows his legal title) was interrupted. An occasional trespass by way of cutting timbers or digging a few loads of rock, is not sufficient to amount to an adverse assertion of title against the true owner, in the absence of express notice to the owner of such assertion of ownership by the trespasser.

The jury were evidently led to reach the verdict made by them under the directions of the first instruction given on behalf of the defendants, which read as follows:

"The court instructs the jury that the deed, read in proof, from Samuel Merrifield to defendant James

Merrifield, dated March 17, 1871, and recorded March 27, 1876, for the lands in controversy, and other lands, is sufficient to vest the title to said other lands, therein named, in defendant, and is sufficient color of title to the lands in controversy. Therefore, if the jury shall find and believe from the testimony that the defendant took actual possession of any of the lands named in said deed by virtue thereof, then such actual possession of a part of said lands is possession of the whole."

When possession of a part of a tract will operate as possession of the whole, is defined by section 6768 of our statutes as follows: "The possession, under color of title, of a part of a tract or lot of land, in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract."

Defendants' instruction ignores several elements, qualifications, and requirements of that provision. It says that if "defendant took actual possession of any of the lands named in said deed by virtue thereof then such actual possession of a part of said land is possession of the whole." The statute speaks of one tract of land and not of two or more tracts or parcels. This instruction further ignores the requirement, as provided by the statute, "of the exercise of the usual acts of ownership" by defendant over the tract in controversy to make his actual possession of a part operate as a constructive possession of the whole. The statute refers to one tract, body, or collection of land, and not to all lands or parcels of lands that may be named in any one conveyance or deed.

Under this instruction it would make no difference how widely separated the different tracts or parcels of land in one conveyance might be, or how independent of each other, or different in character their use, the

actual possession of the part of the land named in the deed would operate to possess him of the whole. Here the land that defendant Merrifield took actual possession of was a large farm some two miles distant from the strip in controversy, with nothing to indicate that they had ever been held or treated as one tract or body of land, save and except they were united in one conveyance by a party having at the time no title to the strip with lands in which he held title.

For fourteen years before defendant Merrifield received his deed to this controverted strip, his father sold it to plaintiff's grantor, and it had not been used for any purpose, in connection with the old homestead afterward deeded to defendant, nor taxed or burdened with as much as the giving up of a post or a foundation stone to support the old homestead or supply the needs of its occupants. Under the facts of this case the strip could no more be said to be a part of the tract owned by the defendant Merrifield, than if it had been located in some remote part of the state on one of the sand bars of the Missouri, where it would have been impossible for defendant or his neighbors to have gotten either posts or pillars, firewood or foundation stone from it.

If the conveyance to defendant Merrifield of several tracts of land and the taking possession of any of the land named in his deed would operate to give him actual possession of the tract in controversy, what would become of plaintiff's grantor's actual possession of the same strip that he would have by reason of his possession and actual occupancy of a part of the land that was deeded to him at the same time he was invested with the legal title to this land? By this instruction plaintiff's grantor's possession that follows his real title would be lost in the seizin following under defendant Merrifield's color of title; a proposition that has

its denial in its mere utterance.   The shadow must give way before the substance.   (A shadow can never dominate a substance.)   The seizin of the estate must be in him who has the better title, and not follow him who clings to but its shadow, in the absence of actual occupancy or acts so open and notorious as will amount to notice of an adverse assertion against the world.   In this case defendant's actual possession of his farm will not be extended by his deed so as to put him constructively in possession of the ten acre strip in controversy, and there being no testimony showing that open, notorious, and visible possession of the strip in suit for ten years to deprive the true owner of his title thereto, this case will be reversed and remanded with directions to the trial court to enter judgment for plaintiff.   MACFARLANE, J., concurs.   BRACE, C. J., and BARCLAY, J., concur in the result.