Benson BURNS, et al., Appellants,

v.

OZARK BEAGLE CLUB, et al., Respondents.

No. 55029.

Supreme Court of Missouri,
Division No. 2.

Nov. 9, 1970.

Brunson Hollingsworth, Hillsboro, for appellants.

R. A. Wegmann, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondents.

BARRETT, Commissioner.

This is a suit to partition and quiet the title to approximately thirty acres of rather rough land in Jefferson County. The court quieted the title 1/6 in the plaintiffs, 5/6 in the defendants and ordered partition and the plaintiffs have appealed.

There are numerous gaps throughout the record. It is sufficiently complete, however, to determine the essential merits of the cause and to sustain the trial court's decree. Except for a statement in appellants' brief even the names of all parties are not ascertainable either from the petition or notice of appeal. Two parties claiming an interest testified, Artie Burns and Benson Burns, the latter being the only named party throughout a proceeding designated as "Benson Burns, et al." The defendant-respondents are the "Ozark Beagle Club, et al." "Burns, et al" alleging that "they were the owners in fee simple" of the 30 acres obviously instituted this action under the conventional quiet title statute, § 527.150, RSMo 1969, V.A.M.S. When the defendants filed an answer claiming to be owners in fee simple and a counterclaim to an undivided 5/6 interest and asked for partition between plaintiffs and defendants the plaintiffs filed a reply claiming title by adverse possession probably under § 527.180, RSMo 1969, V.A.M.S.

In appellants' brief it is said that adjoining land on the north, east and west is owned by "Hilda Burns, widow of I. E. Burns." One of the parties and a witness, Artie Burns, age 70, is the brother of Isaac Burns, the same as I. E., who died in 1962. Their father was Isaac Nelson Burns. Artie Burns resided in St. Louis and last lived "on the Burns place" in 1922. Benson Burns, age 47, is a son of Hilda and a brother of Afton Richardson. This witness testified that he inherited a 1/6 interest in the land in question from his father. In their brief plaintiffs' counsel has detailed the oral testimony of the witnesses chiefly from their point of view but it is not necessary to set it forth in this opinion—it is sufficient to say that some of their proof tended to show some use and occupancy of parts of the thirty acres by the Burns family, particularly Isaac Burns. There is also some evidence that members of the Burns family had paid taxes on the thirty-acre tract for a number of years and in 1960, 1961, 1962, 1963 and 1964 soil-bank payments were made to I. E. or Hilda Burns on at least parts of the thirty acres along with other land identified from an indistinct aerial map by Mrs. Gashe, the office manager of the Agricultural Stabilization and Conservation Service.

Because of plaintiff-appellants' position on appeal it is not necessary to encumber this opinion with a further detailed recitation of all the evidence and indicate the permissible inferences one way or another. In their brief plaintiffs concede that the court decided the cause as it did, 5/6 to defendants, 1/6 to plaintiffs, because "the record title prevailed." The appellants' position on appeal is that the court was in error in so holding because there was not sufficient evidence from which the court could determine title. Their argument is two-

fold: that the court could not determine the cause on the record title because, one, there was "no showing of a common source of title" and, two, the "description of the property in the decree being incomplete." In this connection the plaintiff-appellants claim that the court erred in excluding Mrs. Gashe's testimony as to exhibits 3, 4 and 9 and the testimony of Charles Waters as to William Waters, Senator Earl Blackwell and Oscar Kasten "getting together" for the purpose of instituting a 1959 suit quieting the title to the land in dispute together with other land.

As to the two latter points, insofar as there are offers of proof or excluded relevant testimony is included in the transcript upon this review anew that evidence is duly considered. Civil Rule 73.01(d), V.A.M.R. It should be noted in passing, however, that this record, unlike the record in Feinstein v. McGuire, Mo., 297 S.W.2d 513, is sufficiently complete to merit a final disposition of the cause. There is a county road across the southeast corner of the thirty acres leaving a very small plot in the southeast corner and it is this roadway, oral consent to build having been given by Isaac Burns, which appellants argue shows an incomplete description because it is excepted in a warranty deed from William Waters to the Ozark Beagle Club in February 1959. Aside from the problem of appellants' right to complain of the roadway the roadway is certainly not such a defect in the court's decree as to nullify the force and effect of the decree. The defendant-respondents do not rely upon the possession of a part of a tract of land under color of title as "possession of the whole of such tract" (RSMo 1969, § 516.040, V.A.M.S.; Herbst v. Merrifield, 133 Mo. 267, 34 S.W. 571) neither do they rely on adverse possession to establish an indefeasible title. Appellants appear to treat defendants' case as if they relied on adverse possession and in this respect the Beagle Club's position should be contrasted with the school district's claim of title by adverse possession in La Grange Reorganized School Dist. No. R–VI v. Smith, Mo., 312 S.W.2d 135. If "common

source of title" as defined in Pullen v. Hart, Mo., 238 S.W. 437, 441 and Nall v. Conover, 223 Mo. 477, 492–494, 122 S.W. 1039, is a factor in this case the appellants at the outset of this trial entered into a stipulation "that the title records of the local title company are properly in the custody and control and so forth of Mr. Al Nipper, who is an attorney and one of the members of the title company staff. And we are agreeing that Mr. Nipper can narrate from his records without regard to the hearsay rule." And Mr. Nipper's "certificate of title" contains this undisputed recital "we have examined the title to the real estate described in the caption of this certificate of title, *from the time said title emanated from the United States Government,* to the present time," and for the purposes of title here that recital is sufficient.

In addition to this recital Mr. Nipper's certificate as of February 13, 1959, shows the title to the thirty-acre tract (together with approximately 263 acres) to be "well vested" in "William Waters, an undivided one-sixth interest; William R. Waters, an undivided two-thirds interest and Earl R. Blackwell and Oscar A. Kasten, an undivided one-sixth interest as tenants in common." In the face of this record title the plaintiffs called Mr. Nipper and attempted to have him give his opinion, in the language of plaintiffs' lawyer, that "on the thirty acres the southeast and the southwest were inadvertently reversed by the *scribner* of this deed." In any event after establishing the record title as of February 1959, there was a suit by William Waters, Blackwell and Kasten against the unknown heirs of Elza and Henry Wilburn to perfect the title to a larger tract including the thirty acres. The details need not be set forth, the suit was carried to judgment and the court found and decreed that William R. Waters was the fee simple owner of a $\frac{5}{6}$ interest in the tract and Blackwell and Kasten $\frac{1}{6}$. On February 28, 1959, there was a warranty deed from William B. Waters to an undivided $\frac{5}{6}$ interest in five tracts, including the disputed land to the Ozark Beagle Club. As indicated, in the immediate

decree the trial court quieted title to an undivided ⅚ interest in Ozark Beagle Club and ⅙ interest in plaintiffs and accordingly ordered partition. The respondent-defendants do not question the decree or plaintiffs' ⅙ interest as claimed by Benson Burns. In all these circumstances, conceding that plaintiffs offered some evidence supporting their theory of adverse possession, the court's specific finding is so supported by this record that this court could not make another and contrary finding and accordingly the judgment is in all respects affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.