THE STATE EX. REL. EDGAR J. WARD V. FRANCIS H. TRIMBLE ET AL., JUDGES OF KANSAS CITY COURT OF APPEALS.—39 S. W. (2d) 372.

Division One, May 21, 1931.*

*NOTE:    Opinion filed at October Term, 1930, March 31, 1931; motion for rehearing overruled at April Term, May 21, 1931.

774

*Roland A. Zeigel* and *Murrell & Murrell* for relator.

*Fred S. Hudson* and *Frederick E. Whitten* for respondents.

FRANK, J.—Original proceedings in this court to review, on certiorari, the opinion and judgment of the Kansas City Court of Appeals in the case of Edgar J. Ward v. Western Union Telegraph Company, an action by Ward, as plaintiff, against said Telegraph Company, to recover the penalty provided by Section 10136, Revised Statutes 1919, for failure to transmit and deliver a telegraphic message. The trial below resulted in a judgment for plaintiff, and defendant appealed to the Kansas City Court of Appeals, where said judgment was reversed.

The action was based on a message which the defendant accepted from plaintiff at its office in Kirksville, Missouri, for transmission and delivery at Monroe City, Missouri.

The petition stated a cause of action. Its sufficiency was not questioned in the Court of Appeals and is not challenged here. The answer admitted that defendant is and was a corporation engaged in the business of transmitting and delivering telegraphic messages between different points in the United States, among others from Kirksville, Missouri, to Monroe City, Missouri; admitted that the message in question was delivered to defendant for transmission and delivery; admitted that such message was not delivered, and denied generally each and every other allegation in the petition. As an affirmative defense, the answer alleged that said message was received by defendant at Kirksville, Missouri, for transmission and delivery to the addressee at Monroe City, Missouri; that at said time and for many months prior thereto, the regular, prescribed, established and observed routing of telegraphic messages between Kirksville and Monroe City, Missouri, carried said message out of Missouri, into and through the State of Kansas before its destination was reached, and for that reason it became and was an interstate message when received by defendant at its office in Kirksville, Missouri, for transmission and delivery. The answer further alleged that if such message had been transmitted and delivered it would have traversed a line from Kirksville, Missouri, to St. Louis, Missouri, from St. Louis to Kansas City, Missouri, from Kansas City over the line of the Missouri Pacific Railroad Company into and through various points in the State of Kansas to St. Joseph, Missouri, over a Burlington wire to its destination at Monroe City, Missouri.

In view of the admission in defendant's answer that the message was accepted for transmission and delivery but was not delivered, the sole question for the trial court to determine was the character of the message. If the message was interstate commerce plaintiff was not entitled to recover the penalty provided by the state law. Congress by the Act June 18, 1910, Ch. 309, Section 7, 36 U. S. Stat. at Large, 544, Comp. Stat. 1913, Section 8563, placed telegraph companies under the legislation governing interstate commerce, thereby occupying the entire field of interstate commerce by telegraph and superseding all penal state statutes on that subject. [Adams Express Co. v. Croninger, 226 U. S. 491, 57 L. Ed. 314; Davis v. Western Union Telegraph Co., 198 Mo. App. 692, 698, 202 S. W. 292 and cases cited.] On the other hand, if the message was intrastate commerce the state penal statute governs and plaintiff would be entitled to recover the penalty provided by such statute because non-delivery of the message was admitted without offering any excuse therefor.

The case was tried to the court without the aid of a jury, no declarations of law were asked or given and no finding of facts was requested or made. In this situation, the judgment of the trial court should be upheld if there is *any* substantial evidence to support it.

We have so held in many decisions, among which are the following: Koller v. Shannon County, 19 S. W. (2d) 865; Missouri Lumber & Mining Co. v. Hassell, 298 S. W. 47, 50; Mathis v. Melton, 293 Mo. 134, 238 S. W. 806; Sutter v. Raeder, 149 Mo. 297, 307, 50 S. W. 813; Bond v. Williams, 279 Mo. 215, 214 S. W. 202.

Our only task in this certiorari proceeding is to ascertain whether or not the judgment is supported by any substantial evidence. If it is, then the opinion of the Court of Appeals reversing it, conflicts with our decisions in the cases last above cited. In determining this question we cannot look beyond the opinion of the Court of Appeals for the evidentiary facts. Turning to that opinion we find that aside from the admission in defendant's answer to which we have heretofore called attention, the evidence consisted of the testimony of one witness. The opinion recites the evidence of that witness in the following language:

"Only one witness was introduced and that for defendant, one Joe Tyler who testified he was and for a number of years had been in the employ of defendant in the capacity of 'Testing and Regularity Chief' of defendant's Kansas City office; that in such capacity it is his duty to see that the wire circuits over which messages are sent are made up in accordance with instructions furnished the Kansas City office from the head office of the company in New York. He stated he had all the instructions for routing messages and that it is his duty to see that the circuits are made up accordingly.

"Defendant's first assignment of error is directed to the cross-examination of this witness. Plaintiff's counsel had asked the witness if it was a fact that, regardless of what town in Missouri the addressee lived in, the policy of defendant was to route messages out of the State of Missouri. Defendant's counsel objected upon the theory that it was immaterial. The objection was overruled. Plaintiff's counsel then asked the witness if it was not a fact that every message sent to Kansas City to be relayed from St. Louis entered Kansas and returned to Missouri. No objection was offered and witness answered 'No.' It is defendant's position that this line of cross-examination implied, by insinuation, that such a routing of messages was made to avoid the penalty statute in Missouri, and that defendant was within its rights in clarifying the situation by re-direct examination. In this attempt the following occurred: .

"'Q. Now, I will ask you this question, if you know: Was the route through which this message would have gone from Kansas City, Missouri, up to St. Joe, as you have designated, over the Missouri Pacific lines through Kansas, was that route made, if you know, by the Western Union, or anyone in their behalf, with the idea of avoiding the effect of the penalty statute of Missouri?' "

The opinion shows that an objection was sustained to the latter question and the question was not answered. While this question assumes that the witness had theretofore testified that if the message had been transmitted it would have traversed an interstate route, the assumption of counsel in a question that was not answered is not evidence. We have set out the entire evidence of this witness. He was the only witness in the case. The witness did not testify that defendant had an interstate route over which the message could have been transmitted or that the message would have traversed an interstate route if it had been transmitted. Neither is there a statement in the opinion to the effect that there was evidence tending to show such facts. It was within the province of the Court of Appeals to ascertain the facts in the case. If that court had concluded from an examination of the record that there was evidence tending to show that the message would have traversed an interstate route, if it had been transmitted, and had so stated in its opinion, we would have been bound by such conclusion. [State ex rel. Koenen v. Daues et al., 288 S. W. 14, 15.] But where, as here, the Court of Appeals did not state its conclusion as to what the facts tended to show, but undertook to state the facts themselves, the presumption prevails that the facts stated are all the facts of record on the question at issue. [State ex rel. Tiffany v. Ellison et al., 266 Mo. 604, 182 S. W. 996; State ex rel. Vesper Buick Co. v. Daues et al., 19 S. W. (2d) 700, 703; State ex rel. Northwestern Natl. Ins. Co. v. Trimble et al., 20 S. W. (2d) 46, 51.]

Reviewing the facts as stated in the opinion, we find there was no evidence that the message would have traversed an interstate route if it had been transmitted. The opinion makes the statement that, "We have no doubt defendant is right in its position that the message is interstate," but this is not a statement or conclusion of the court as to what the facts are or what they tend to show, but is the expression of an opinion as to what the result should be after the law is applied to the facts stated in the opinion. We are bound by the Court of Appeals' conclusion as to what the facts are, but we are not bound by the result it reaches by applying the law to the facts, if that result conflicts with controlling decisions of this court.

The opinion cites the case of Davis v. Western U. Tel. Co., 198 Mo. App. 692, 202 S. W. 292, then makes the following observation:

"In the Davis case, which is almost identical with the case at bar, ELLISON, J., speaking for the court, said: 'Although both the sending and receiving points were in Missouri, the fact that a part of the route of transmission was through Iowa characterizes the message as interstate.' "

The statement that the Davis case is *almost* identical with the case at bar, is not a statement from which we could legitimately determine

what the facts are in the case under review. Our conclusion in this case should not depend upon what we might conclude from a review of the facts in the Davis case.

The opinion also states that the only issue in the case was whether or not the message was interstate commerce; that defendant's answer placed that question in issue and the cause was tried throughout on such issue.

This statement does not tend to show what the facts were. A statement as to what issues were raised by the pleadings does not tend to show what evidence, if any, was offered in support of or against such issues.

From a review of the opinion we do not find stated therein any facts nor any conclusion of the court from facts of record tending to show that the message in question would have traversed an interstate route if it had been transmitted. But this conclusion does not determine the question under consideration. Section 10136, Revised Statutes 1919, which penalizes telegraph companies for failure to use due diligence to transmit and deliver telegraphic dispatches, being in form and substance a penal statute, must be strictly construed, and one seeking to recover the penalty provided by this statute must bring his case squarely within its terms. The burden was on the plaintiff to make out his case, and as the statute applies to intrastate messages only, it devolved on the plaintiff to show prima-facie that the message in question was intrastate.

The opinion states that the message was not sent. It was admitted that defendant received the message at its office in Kirksville, Missouri, for transmission to and delivery at Monroe City, Missouri. It was also admitted that the message was not delivered. The opinion states that there was a route wholly within the State that could have been used. It does not appear from the opinion that there was any evidence tending to show that there was any other route that could have been used. These facts amounted to substantial evidence tending to show that the message, if transmitted, would have traversed an intrastate route. Such evidence, if believed, characterized the message as intrastate commerce at the time it was received by defendant for transmission. The failure to transmit such a message subjected the defendant to the penalty prescribed by the state statute for such failure, and warranted the trial court in finding for plaintiff. In other words, the judgment of the trial court is supported by substantial evidence, and the opinion of the Court of Appeals reversing that judgment conflicts with our decisions heretofore cited holding that where no declarations of law are asked or given and no finding of facts is requested or made in a law case, tried without a jury, a judgment for plaintiff will not be reversed if it can be justified on any theory of law applicable to the evidence most favorable to plaintiff's cause of action.

Respondent cites cases holding that where a defendant having two lines over which messages could be transmitted, one intrastate, the other interstate, accepts a message for transmission and transmits it over the interstate line, such transmission characterizes the message as interstate commerce. Such cases correctly declare the law, but they have no application here for two reasons, (1) because the message in question was not transmitted, and (2) because the opinion does not show that respondent had an interstate line over which the message could have been transmitted, but does show that it had an intrastate line available for the transmission of the message.

Respondent relies on Missouri Pacific Railroad Company v. Stroud, 267 U. S. 404. That was a suit to recover treble damages provided by the Missouri statutes for alleged discrimination in furnishing cars for the shipment of lumber from Oxley, Missouri, to St. Louis, Missouri. Plaintiff recovered a judgment which was affirmed by the Springfield Court of Appeals. On appeal to the Supreme Court of the United States, the judgment was reversed on the ground that the shipment, if made, would have been interstate commerce. The facts in that case are clearly distinguishable from the facts in the case under review. There a witness for defendant railroad testified that although defendant had two routes over which the lumber could have been shipped, one intrastate, the other interstate, on account of economy and convenience the regular established route for such shipments was over the interstate route, and if the cars had been furnished and the lumber had been shipped, it would have gone over the interstate route. In the case under review, there was evidence that defendant had an intrastate line over which the message could have been sent, but there was no evidence that defendant had an interstate line or that the message would have gone over an interstate line if it had been transmitted. For the reasons stated, the cited case is not in point.

Probably the Court of Appeals proceeded on the theory that there was evidence tending to show that the established route for messages between Kirksville and Monroe City, Missouri, was over an interstate route and that the message would have traversed that route if it had been transmitted. Possibly the only witness in the case so testified, but the opinion does not show that he did. Neither does it appear from the opinion that the court, from an examination of the record, concluded that such were the facts.

Another point worthy of mention is that defendant's assignment of error in the Court of Appeals was insufficient to present any question for review. The assignment reads: "The judgment is against the weight of the evidence, and under the pleadings and evidence judgment should have been for defendant." This assignment amounts to a complaint that under the pleadings and evidence the judgment

should have been for defendant, because the weight of the evidence was in favor of defendant. To say that the judgment in favor of plaintiff is against the weight of the evidence, amounts to a concession that there was some evidence in plaintiff's favor. Appellate courts do not pass upon the weight of the evidence. In State v. Scott, 214 Mo. 257, 261, 113 S. W. 1069, we said: ''It is no ground for setting aside the verdict of the jury that it may be against the evidence. It is only in case there is no substantial evidence to support the verdict that this court will interfere.''

Among the cases holding that an assignment of error of the character in question raises no issue are the following: Matthews v. Karnes, 9 S. W. (2d) 628; Greer v. Carpenter, 19 S. W. (2d) 1046-7; Bond v. Williams, 279 Mo. 215, 227, 214 S. W. 202. While we do not make the insufficiency of this assignment of error a ground of our decision in this certiorari proceedings, we have thought best to call attention to it.

For the reasons stated, the opinion of the Court of Appeals should be quashed.

It is so ordered. All concur.

*NOTE: Opinion filed at October Term, 1930, March 31, 1931; motion for rehearing overruled at April Term, May 21, 1931.