M. L. CLAY, Guardian of MINNIE LEE OWEN, v. HENRY J. OWEN, Appellant.—93 S. W. (2d) 914.

Division One, April 23, 1936.

1062

*J. L. Gutting, William H. Hartzell* and *B. M. Cavanagh* for appellant.

*J. S. Tall* for respondent.

FRANK, J.—Action by Marion L. Clay, guardian of Minnie Lee Owen, an insane person, to recover from Henry J. Owen a balance alleged to be due on the sale price of certain lands belonging to said Minnie Lee Owen. Plaintiff recovered judgment in the sum of $28,900 and defendant appealed.

Henry J. Owen and Minnie Lee Owen were brother and sister. Minnie Lee Owen was a resident of Clark County, Missouri. Marion L. Clay, a resident of that county, was appointed as her guardian. She owned certain real estate in the city of Tampa, Florida. Under our view of the case as presented by the record, an extended statement of the facts is not necessary.

No point is made against the pleadings. The theory of the case is clearly stated in plaintiff's given instruction submitting the cause to the jury. It reads as follows:

"If you find and believe from the greater weight of the evidence that plaintiff as guardian of Minnie Lee Owen, an insane ward, entered into an agreement with the defendant, whereby it was agreed that plaintiff, as such guardian of said ward, should convey to defendant the real property referred to in the evidence at the agreed price of $15,000 for the sole purpose of enabling said defendant to sell the same as agent of plaintiff on the open market and that defendant should thereupon account to and pay to plaintiff the full amount of money received therefor less the expenses necessarily incurred in so doing, and if you further find from the evidence that pursuant to such agreement, if you find there was such agreement, plaintiff conveyed said real property to defendant for such purpose and if you further find that after having so acquired title thereto the defendant sold said property at a profit over and above the said sum of $15,000 and concealed from plaintiff the fact that he had made such profit and that knowledge of such profit first came to plaintiff less than five years prior to November 18, 1931, then your verdict may be for plaintiff for such sum of money, if any, that you find from the evidence defendant received for such

real property over and above the said sum of $15,000 after deducting therefrom the necessary expenses incurred by defendant in obtaining title thereto and in reselling the same."

In our judgment, appellant's assignments of error are insufficient to present any question for review by this court. The first assignment is that "The verdict is against the weight of the evidence." It is settled that such an assignment presents nothing for review. We call attention to what we said on that subject in State ex rel. Ward v. Trimble, 327 Mo. 773, 780, 39 S. W. (2d) 372, 375:

"This assignment amounts to a complaint that under the pleadings and evidence the judgment should have been for defendant, because the weight of the evidence was in favor of defendant. To say that the judgment in favor of plaintiff is against the weight of the evidence, amounts to a concession that there was some evidence in plaintiff's favor. Appellate courts do not pass upon the weight of the evidence. In State v. Scott, 214 Mo. 257, 261, 113 S. W. 1069, we said: 'It is no ground for setting aside the verdict of the jury that it may be against the evidence. It is only in case there is no substantial evidence to support the verdict that this court will interfere.'

"Among the cases holding that an assignment of error of the character in question raises no issue are the following: Matthews v. Karnes, 320 Mo. 962, 9 S. W. (2d) 628; Greer v. Carpenter, 323 Mo. 878, 19 S. W. (2d) 1046-7; Bond v. Williams, 279 Mo. 215, 227, 214 S. W. 202."

The next assignment is that "The verdict is against the law under the evidence." This assignment is likewise insufficient. We have so held in many cases. In Matthews v. Karnes, 320 Mo. 962, 9 S. W. (2d) 628, 631, we said:

"Appellant's points VII and VIII are that 'the judgment is for the wrong party' and that 'the judgment is against the evidence, the weight of the evidence and the law under the evidence.' Such assignments of error are indefinite, and, standing alone, have been held objectionable. [Bond v. Williams, 279 Mo. 1. c. 227, 214 S. W. 202, 16 A. L. R. 755; Fitzroy v. People's Bank of Cardwell (St. L. Ct. of App.), 234 S. W. 865.] No specific matters are brought to our attention under these points, and they are ruled against appellants."

The third assignment is that "The court erred in overruling the demurrer to the evidence at the close of plaintiff's case on behalf of this defendant."

The trouble with this assignment is that after defendant's demurrer to the evidence at the close of plaintiff's case was overruled, defendant introduced his evidence and at the close of the entire case, without renewing his demurrer to the evidence, voluntarily submitted the case to the jury by requesting and receiving instructions

on his behalf. The defendant's refusal to stand upon his demurrer to plaintiff's evidence, followed by introduction of evidence in support of his alleged defense, waived his demurrer to plaintiff's evidence. Since the demurrer to plaintiff's case was waived, it logically follows that the case must be treated as though such demurrer had not been requested. We do not wish to be understood as holding that by the waiver of the demurrer to plaintiff's evidence, the defendant lost the right to question the sufficiency of all the evidence at the close of the entire case. What we do hold is that where a defendant fails to demur to plaintiff's evidence, or having demurred thereto, thereafter waives such demurrer by putting in his own case, he still has the right to insist, that the whole evidence introduced by both sides fails to make a prima facie case for plaintiff. But where, as in the case at bar, he does not do so, but waives his demurrer to plaintiff's evidence by the introduction of evidence in his own behalf, and thereafter asks the court to submit the case to the jury by requesting and receiving instructions, without first questioning the sufficiency of the entire evidence to make a case for the jury, his act in requesting the submission was voluntary. He will not be heard to say that the court erred in complying with his voluntary request.

The case of Pullen v. Hart, 293 Mo. 61, 238 S. W. 437, and cases therein cited as well as some other cases hold that "In strict law actions, if the defendant demurs upon the close of plaintiff's case and does not stand upon such demurrer, but puts in his own case, he only takes the chances of aiding the plaintiff's facts by his own facts. He does not thereby lose the right to insist, *without further demurrer,* that the whole evidence, introduced by both sides, failed to disclose a case for plaintiff." (Italics ours.)

We do not think above ruling is sound. A demurrer tendered at the close of plaintiff's case challenges the sufficiency of the plaintiff's evidence only. After the demurrer is overruled and defendant puts in his case, the question then is, if defendant sees fit to raise it, whether or not all the evidence introduced by both parties makes a case for the jury. But where the defendant, without raising the question, requests the court to submit the case to the jury, he cannot thereafter complain of what he voluntarily requested the court to do. Pullen v. Hart, supra, as well as other cases holding the contrary are overruled to that extent.

The fourth and fifth assignments of error are that the court erred in giving plaintiff's Instruction No. 1, and in refusing instructions A, B, C and D requested by defendant.

Neither of these assignments are mentioned in appellant's points and authorities or in the printed argument. Assignments of error not briefed will be treated as abandoned. [State v. Whitsett,

232 Mo. 511, 134 S. W. 555; City of St. Louis v. Hamley Realty Co., 329 Mo. 1172, 48 S. W. (2d) 938; J. B. Colt Co. v. Gregor, 11 S. W. (2d) 1098.]

Appellants' sixth assignment reads as follows:

"That the plaintiff did not make out a submissible case to the jury by a preponderance or greater weight of the evidence, and the court erred in overruling the defendant's demurrer at the close of the plaintiff's case and submitting the case to the jury at the close of all the evidence; a submissible case not being made out by plaintiff from all the evidence in the case."

There is no merit in this assignment for three reasons: (1) appellate courts have no authority to pass upon the weight of the evidence. State ex rel. Ward v. Trimble, 327 Mo. 773, 781, 39 S. W. (2d) 372, 375; (2) for reasons heretofore stated defendant waived the demurrer tendered at the close of plaintiff's case, and (3) defendant's failure to question the sufficiency of all the evidence at the close of the whole case, and his voluntary joinder in the submission of the case, amounted to a concession that a case was made for the jury.

We next take up defendant's points and authorities. They read as follows: (1) Fraud is never presumed, (2) the defendant is not bound to disprove fraud, (3) a mere expression of opinion does not constitute fraud, (4) the evidence does not show a confidential relation, (5) the burden of proof was upon the plaintiff to establish his case by a preponderance of the evidence, and (6) the action was barred by the Statute of Limitations.

The first, second, third and fifth points are mere statements of abstract propositions of law, without any attempt to show their applicability to the facts of the case. Such assignments are not sufficient to present any question for review. [Campbell v. Campbell, 323 Mo. 1149, 20 S. W. (2d) 655, 657.] The fourth and sixth points, if sufficient, go to the sufficiency of the evidence. As heretofore stated, defendant's voluntary joinder in the submission of the case, precludes him from raising that question on appeal.

For the reasons stated, the judgment should be affirmed. It is so ordered. All concur.