## BEDFORD v. SYKES, Appellant.

### Division Two, March 28, 1902.

1. **Erroneous Judgment: COLLATERAL ATTACK.** An erroneous judgment can not be attacked collaterally, even by strangers, and can only be corrected by appeal or writ of error. It is binding upon all parties thereto until reversed, or set aside in a direct suit brought for the purpose. It does not stand on the same ground as does a void judgment.

2. ———: **EJECTMENT: SUIT TO QUIET TITLE.** Plaintiff can not, in a suit to quiet title, have set aside as erroneous, a judgment in ejectment formerly rendered against him for the same land.

3. **Suit to Quiet Title: PLAINTIFF'S POSSESSION: STATUTE OF 1897.** In a suit to quiet title under the Act of 1897, the court can not render judgment for plaintiff for possession of the land.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*C. L. Keaton* and *W. G. Kitchen* for appellant.

(1) The plaintiff's possession claimed to be adverse was arrested and the running of the statue of limitations in his favor suspended when the action of ejectment was commenced August 20, 1886, continued to be suspended up to the date of the judgment June 19, 1888, and continued suspended during the life of the judgment, and when defendant took possession it related to the institution of that suit. Snell v. Harrison, 131 Mo. 503; Estes v. Nell, 140 Mo. 651. (2) The action of ejectment between Sykes and Bedford tried the title to the land in controversy and settled it adverse to plaintiff herein.

Bedford v. Sykes.

Chapman v. Dougherty, 87 Mo. 620.    (3) · The judgment
is a clear departure from the petition; no issue for possession
in this action was made and the tenants and purchasers in
actual possession of the land were not before the court and
"had no day in court" and the judgment is absolutely void
and unconstitutional.    Callahan v. Davis, 125  Mo.  35;
Const. of Missouri, art. 2, sec. 30; Jones v. Yore, 142 Mo.
38; Bank v. Rohrer, 138 Mo. 379; Hatchett v. Emerson, 73
Mo. App. 289.    (4)    An action for fraud in procuring a judg-
ment as alleged by plaintiff has only five years to bring suit
after the discovery of the fraud (R. S. 1899, sec. 4273, clause
5); and plaintiff states in his evidence that he found· out this
matter in July, 1888, so his action to set aside the judgment
was barred at the very furthest by August 1, 1893, so he had
been barred about six years before filing his replication alleg-
ing fraudulent procurement of the judgment.    Shelby Co. v.
Bragg, 135 Mo. 298.    (5)    Under the statute to· quiet title
the issue is whether the defendant shall be required to bring
an action to try title, and in this case that issue is entirely
ignored and the court has erroneously converted it into an
action of ejectment to try title and for possession and distorted
the amendment to a law into a different proceeding entirely.
R. S. 1899, secs. 647-652.

*Geo. H. Crumb* and *J. R. Young* for respondent.

(1)    Twenty years' open, quiet, peaceable, uninterrupted
possession of real estate under claim of title will confer title
on occupant.    R. S. 1899, sec. 4262; Barry v. Otto, 56 Mo.
179; Ekey v. Inge, 87 Mo. 495; Mather v. Walsh, 107 Mo.
132; Sherwood v. Baker, 105 Mo. 477; Lang v. Stock Yards
Co., 107 Mo. 304.    (2)    A judgment in ejectment does not
determine the title, or bar another action.    Selvin v. Brown,
32 Mo. 185; Holmes v. Carondelet, 38 Mo. 552; Kimmel v.
Benna, 70 Mo. 61; Ekey v. Inge, supra; Callahan v. Davis,

125 Mo. 35. When record or bill of exceptions is merely a synopsis of the evidence, the presumption is in favor of the convictions of the trial court. Grocer Co. v. May, 80 Mo. App. 303; Zugg v. Arnold, 75 Mo. App. 73; Stern v. Foltz, 152 Mo. 559.

BURGESS, J.—This is a proceeding under the Act of 1897 (Laws 1897, p. 74), section 650, Revised Statutes 1899, begun on January 17, 1898, to quiet the title to all that part of the west half of the southwest quarter of the northwest quarter and the east half of southeast quarter of the northwest quarter of section 23, township 26, range 10, lying along the south of the Bloomfield and Greenville road, east of the premises occupied by Albert Moore, west of the fence separating the tract from Ringer's addition to the town of Bloomfield and premises occupied by Wm. W. Perry, and running southward from said road about six hundred and sixty feet, of which plaintiff claims to have been in the exclusive, peaceable, open, notorious and adverse possession with claim of title thereto from the third day of March, 1867, until the nineteenth day of January, 1888. The petition alleges that defendant Sykes claims title to said land, and on the nineteenth day of June, 1888, he unlawfully entered into the possession of said land and unlawfully withholds the possession thereof from plaintiff.

Defendant by answer denied generally all the allegations of the petition, except what is in the answer expressly admitted. The answer then proceeds as follows: "Defendant for further answer states that it is true that he entered into the actual possession of the premises described in plaintiff's petition, on or before or about the nineteenth day of June, 1888; that he entered into such possession as the true owner thereof under and by virtue of a judgment of the circuit court of the county of Stoddard, rendered on the day aforesaid in an action of ejectment, instituted by this defendant as plain-

tiff against the plaintiff as defendant therein, on the twentieth day of August, 1886, to which action the plaintiff, as defendant therein, on the seventh day of March, 1887, filed his amended answer to the plaintiff's petition therein, setting up the statute of limitations as herein set out and pleaded by plaintiff in this action, which said cause was on the eighth day of March, 1887, duly submitted to the court on the issues therein, and afterwards, on the nineteenth day of June, 1888, the said court duly entered judgment for this defendant, as plaintiff therein and against plaintiff herein, as defendant therein, finding and adjudging that the plaintiff herein had unlawfully entered into and detained the possession of said premises through mistake of the true location of the boundary line between plaintiff and defendant as adjoining proprietors and landowners; and that plaintiff's possession therein was not adverse; which said judgment in ejectment was not appealed from or otherwise set aside or annulled and remains in full force and effect.  Defendant for further answer says that plaintiff's supposed cause of action did not accrue within ten years before the commencement of this action, and is wholly barred by the statute of limitation."

Plaintiff filed reply to defendant's answer, in which he denies each and every allegation therein, except that a judgment was obtained in favor of defendant, but states that in said suit the statutes of limitations were not pleaded and plaintiff further states that said judgment was obtained by fraud in this, to-wit, that said defendant combined and conspired with the circuit judge of the Stoddard Circuit Court, John G. Wear, to defraud plaintiff of his said real estate; that after said cause in ejectment was tried, the cause was taken under advisement by the said judge, John G. Wear; that although often requested so to do the said judge, John G. Wear, refused to determine said suit upon the testimony submitted until such time as plaintiff the then defendant was absent from the court; that afterwards in pursuance of said conspiracy the said judge, John G. Wear, selected a time to call up said cause and de-

termine same during the absence of said plaintiff and when plaintiff could not be heard; this defendant, Joseph Sykes, and said judge, John G. Wear, concealed the fact from plaintiff that said judgment had been rendered until after adjournment of court, and when plaintiff could not appeal from said judgment.

The court found that the plaintiff was in open, notorious, adverse and peaceable possession of the real estate in the petition described, to-wit:   All that part of the west half of the southwest quarter of the northwest quarter and the east half of the southeast quarter of the northwest quarter of section number twenty-three, in township number twenty-six, range number ten, east, lying parallel to and south of the Bloomfield and Greenville road, beginning at a point one hundred and fifty feet south of said road from the intersection of said road with the east line of the tract of land and premises now occupied by Albert Moore, and on the east line of said premises, running east of said point and parallel with said road to the west line of the real estate and premises now occupied by Wm. W. Perry, running thence south along the west line of the premises so occupied by said William W. Perry and along the west line of Ringer's addition to the town (now city) of Bloomfield, about five hundred and ten feet, to a fence, thence running westward to a point on the line extended south from the east line of the said premises, occupied by said Albert Moore, thence north along said line last mentioned to the place of beginning, being the tract described in plaintiff's petition, except a strip of land one hundred and fifty feet wide on the north side of the tract described in said petition.   That said possession had lasted from about the third day of March, 1867, until the nineteenth day of June, 1898.   That plaintiff was entitled to the possession thereof on said nineteenth day of June, 1888, but that defendant, unlawfully and by virtue of an erroneous judgment took possession of said real estate, on or about the nineteenth day of June, 1888, and still unlaw-

fully holds possession thereof. That the title in and to said real estate was, on said nineteenth day of June, 1888, and still is and of good right should be in plaintiff. The court ordered, decreed and adjudged that the title to the real estate above described and the right of possession thereof was, on the nineteenth day of June, 1888, and still is in the plaintiff. That a writ of restitution issue to the sheriff of Stoddard county to restore the possession thereof to plaintiff. It is further ordered and adjudged by the court that the plaintiff have and recover of the defendant his costs in this behalf laid out and expended, to-wit, the sum of ——— dollars, and that writ of execution issue therefor.

After unsuccessful motions for new trial and in arrest defendant appeals.

In 1867, plaintiff purchased seven acres of land off of the south end of the east half of the southeast quarter of section 23, township 26, of range 10, upon which there was a field containing about twelve acres that extended over onto the adjoining land, inclosing about five acres not bought by him, upon which said five acres there was at the time a house. In 1883 the defendant Sykes bought from the heirs of P. H. Whitlege, and in 1885 from Isaac Brand, who were the owners of said five acres, the title thereto. After his purchase defendant had his land surveyed and demanded possession of plaintiff of that part of it which was in his (plaintiff's) field, whereupon plaintiff refused to surrender the possession, and Sykes on August 29, 1886, brought suit in ejectment against Bedford for the possession of his land in the circuit court of Stoddard county, and on June 19, 1888, recovered judgment therefor, and on February 5, 1889, was put in possession of it under an execution, or writ of possession, duly issued upon said judgment, and has so remained ever since.

This case seems to have been determined by the court below upon the theory that the judgment in favor of the defendant in this case against the plaintiff herein in ejectment

for the possession of the land in question, under which the defendant herein was put in possession of it, was erroneous, and could be attacked collaterally, and that the right to the possession of the land could be determined in this proceeding. If there is any principle of law which is well settled, it is that a judgment which is merely erroneous can not be attacked collaterally even by strangers, much less by parties to the record. [Estes v. Nell, 140 Mo. 639; State v. Wear, 145 Mo. 162.] The effect of the judgment in the case at bar is to disregard and hold for naught the judgment in the eject-ment suit upon the ground that it is erroneous, and that there-fore the possession which defendant holds under it is unlawful as against plaintiff. In fact it is so stated in the finding of the court which is part of the judgment. This position is not, we think, supported by either reason or authority, for an erron-eous judgment can only be corrected by appeal or writ of error, and is binding upon all parties thereto, and strangers as well, until reversed or set aside. Not so, however, with respect to a void judgment, which may be attacked collaterally.

Nor had the court the right under this proceeding to ren-der judgment for plaintiff for the possession of the land, as no such result is contemplated by the statute. The statute is simply what it purports to be, an act "to determine and quiet the title to real estate," in which not one word is said about possession. It provides that "any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate, or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and in-terest of the parties severally in and to such real property," but does not provide either directly or indirectly that the right

to the possession may be determined in such an action.	That no such thing was contemplated by the Legislature is manifest from the fact that in several of the instances mentioned in the act in which such proceeding may be maintained, that is, where any person claiming title or any equitable or contingent estate, present or in reversion or remainder in any real estate, he may proceed under the act to have his interest in any such lands adjudged and determined, although he may not be entitled to the possession for years to come; and, by the fact that the act does not repeal or abrogate chapter 24, Revised Statutes 1899, in regard to ejectment.	To hold under such circumstances that plaintiff might recover possession would simply be absurd.

Moreover, there are no facts stated in the petition upon which to predicate such a judgment.

In conclusion it may not be out of place to say that there was no evidence that the judgment in the ejectment suit was obtained by fraud, and that from the time defendant Sykes took possession of the land under it and thereafter, his possession was adverse, and the institution of this proceeding did not stop the statute of limitation from running in his favor.

For these considerations the judgment is reversed and the cause remanded.

All concur.