John **WEINBRENNER**, Administrator, c.t.a. of the Estate of J. R. Weinbrenner, Deceased, Plaintiff-Respondent,

v.

A. J. **McCALL**, d/b/a McCall Novelty Company, Defendant-Appellant.

No. 30040.

St. Louis Court of Appeals.

Missouri.

June 21, 1960.

Charles A. Grassmuck, Jr., St. Louis, for defendant-appellant.

W. W. Sleater, III, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

This is an action to recover the sum of $1,200 claimed to have been loaned by the decedent, J. R. Weinbrenner, to the defendant. The suit originated in the Magistrate Court of the City of St. Louis, where a judgment was rendered in favor of defendant. On appeal by plaintiff to the Circuit Court the case was tried de novo by the court alone, a jury having been waived, and resulted in a judgment for plaintiff. Following an unavailing motion for a new trial, defendant appealed.

Plaintiff has not favored us with a brief, but has filed a motion to dismiss the defendant's appeal for failure to comply with former Supreme Court Rule 1.08, now Rule 83.05, V.A.M.R. The motion is well taken. Both the new and the old rule expressly provide that the appellant's brief shall contain a fair and concise statement of facts. That part of defendant's brief denominated "Statement of Facts" is totally devoid of any statement of facts. Instead, there is set forth only the petition, recitals concerning the record entry of the court's findings and conclusions, the findings and conclusions, and additional recitals regarding the filing by defendant of his motion for a new trial and the court's action thereon.

Nor is the deficiency supplied elsewhere in defendant's brief. In fact, the only reference therein to the facts of the case is found under what is titled "Argument," where defendant quotes a brief excerpt from plaintiff's testimony. Hence, as was said by the Supreme Court in Seifert v. Seifert, Mo.Sup., 52 S.W.2d 817, 818:

"This is not a case where a statement of facts is claimed to be defective or insufficient. There is no statement at all. Appellant did not even attempt to make a statement of the facts."

To the same effect see Page v. Laclede Gas Light Company, Mo.Sup., 245 S.W.2d 23 and Peterson Company v. Landes, Mo. App., 280 S.W.2d 857.

Defendant's brief also contains two divisions titled respectively "Assignment of Errors" and "Points and Authorities." Neither of them complies with Rule 1.08(3) or Rule 83.05(3), concerning the errors alleged to have been committed by the trial court. The so-called "Assignment of Errors" is largely argumentative in nature, and totally devoid of any citation of authorities. The part termed "Points and Authorities" consists in the main of abstract declarations of law.

We are not unmindful that new Supreme Court Rule 83.24 provides, as did old Rule 1.28, that the "* * * rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits." Being acutely cognizant that " * * * our primary duty is to litigants rather than to counsel who represent them * * *", Ambrose v. M. F. A. Co-Operative Ass'n of St. Elizabeth, Mo.Sup., 266 S.W.2d 647, 650, we have in numerous instances overlooked violations of Rule 1.08 when the interests of justice so required, as permitted by Rule 1.15, now Rule 83.09.

However, it is appropriate to point out that in the Ambrose case, supra, decided by the Supreme Court En Banc as long ago as 1954, that court endeavored to impress upon the Bar the importance of and the reasons for at least substantial compliance with the rules of appellate practice. And, since the recollection of what was said in that case may have been dimmed by the passage of time, it may be in order to recall the pointed observations of the late Chief Justice Conkling in his concurring opinion (266 S.W.2d loc. cit. page 651):

"In our efforts to decide the cases which come before this Court upon their merits, we have for some years pursued a policy of leniency respecting briefs and have overlooked unnumbered violations of the basic requirements

of our Rule 1.08. Far too many members of the Bar, in the preparation of their briefs in cases in this Court have taken advantage of that policy of leniency and have apparently become indifferent beyond all belief in the preparation of their briefs. Each succeeding Session of this Court discloses that an increasing number of briefs are written with no apparent regard for Rule 1.08, and are subject to the observations the principal opinion makes with respect to appellant's instant brief.

"The preparation of the brief in a cause on appeal is the function of the counsel in each case. This Court should not have to do that. But to decide the merits of a case we often have been compelled to do so, and have often done so. We should not be compelled to search through the briefs prepared and filed by counsel to try to determine wherein an indifferent counsel for appellant believes (or hopes) that the trial court prejudicially erred. Nor should an appellate court be compelled to search through a transcript to find the testimony as to specific facts referred to in the purported statement in a brief because an indifferent counsel has failed to comply with Rule 1.08 and has made no page references when stating facts in a brief.

"With the volume and character of litigation which now comes to this Court it seems more imperative than it has ever been that counsel comply with Rule 1.08. The mere statement in the 'Points Relied On' of abstract principles of law do not point out to an appellate court, the claimed error of a trial court upon which the appellant relies for a reversal of a judgment from which an appeal was taken. We do get many properly prepared briefs in cases here. But far too many briefs filed here do not comply at all with the simple basic requirements of Rule 1.08.

"It is with regret that I feel that the time has now come to dismiss the appeals in cases where the briefs violate Rule 1.08. Therefore, I concur in the dismissal of the instant appeal."

It should be added that again in this case we have carefully studied the defendant's brief and the transcript; have made our own research of the authorities; and have reached the conclusion that the rules should not be suspended in the interests of justice because the case was correctly decided below on its merits.

For the reasons stated, it is recommended that the plaintiff's motion to dismiss be sustained and that defendant's appeal be dismissed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the appeal is dismissed

WOLFE, P. J., RUDDY, J., and JAMES D. CLEMENS, Special Judge, concur.