**WALKER BROTHERS, INC., Respondent,**

v.

**J. K. SEEAR (U.S.A.) LTD., and Ingolf H. E. Otto, Appellants.**

No. 23531.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Elwyn L. Cady, Jr., Kansas City, for appellants.

Day & Bonewits, William M. Day and D. D. Bonewits, Kansas City, for respondent.

CROSS, Judge.

Plaintiff sues to recover of defendants a claimed balance of indebtedness allegedly arising from a series of business transactions between the parties and growing out of mutual accounts. Trial to the court resulted in a judgment for $1810.00 in plaintiff's favor. Defendants appeal.

Our first concern is whether defendants are in compliance with Civil Rule 83.05, V.A.M.R., which requires (among other things) that the brief for appellant shall contain a fair and concise statement of the facts without argument "in the form of a statement of the facts relevant to the questions presented for determination."

Defendants' brief contains eleven lines of printing bearing the caption "Statement of The Facts". We quote the purported statement, in its entirety, as follows:

> "Plaintiff is a corporation engaged in the general insurance business, operation of farms, machine-contract work and the operation of a machine shop (7). Plaintiff's secretary-treasurer, William C. Walker (7), entered into a business relation with defendant Otto, Walker acting as an insurance broker in the brokering of long-haul truck insurance (9) and Otto acting as agent for the Mid-Union Indemnity Company (31).

> "The parties agree that various insurance policies were issued to H. L. and R. L. Bennett; Estes M. Philpott; and Jay Shastid—all by the Mid-Union Indemnity Company (4).

> "The record indicates no assignment of these policies, but it does indicate that the Mid-Union Indemnity Company canceled the policies (33)".

**52**

The foregoing quoted matter is not "a statement of the facts relevant to the questions presented for determination". Absent from it is any reference to the subject matter of the suit. We are unable to learn from it even the general nature of the controversy. It says nothing of the pleadings, fails to define the issues, omits any reference to the trial, makes no mention of the judgment, and narrates no evidence of any material substance. Consequently, the "statement" does not satisfy the requirements of Civil Rule 83.05 or serve its intended purposes. In order to comply with that rule, "the statement of facts should tell the appellate court what the law suit is about and should be in narrative form." Page v. Laclede Gas Light Co., Mo.Sup., 245 S.W.2d 23. Nor is the deficiency supplied elsewhere in defendants' brief. Hence, as was said by the Supreme Court in Seifert v. Seifert, Mo.Sup., 52 S.W.2d 817: "This is not a case where a statement of facts is claimed to be defective or insufficient. There is no statement at all. Appellant did not even attempt to make a statement of the facts."

We are mindful that under the terms of Civil Rule 83.24 it is our duty to construe all rules of civil procedure liberally so as to promote justice, to minimize the number of cases disposed of on procedural questions and, generally, to determine cases on their merits. We have adhered to that policy and have in numerous instances overlooked violations of Rule 83.05 when the interests of justice so required. However, this court would be derelict in its judicial duty if it did not insist upon at least substantial compliance with the rules governing appellate procedure. See Ambrose v. M. F. A. Co-Operative Association of St. Elizabeth, Mo.Sup., 266 S.W.2d 647; Weinbrenner v. McCall, Mo.App., 336 S.W.2d 532. The burdens that result from imperfect appeals fall upon responding parties as well as upon reviewing courts. When appellants fail to state facts and define issues as the rules prescribe, respondents are deprived of their just entitlement—a full opportunity to know and answer the precise questions in controversy.

The violation of Rule 83.05 exhibited in this appeal is of an aggravated nature. Nothing appears to show good cause why the violated rule should be suspended in this case, nor do the interests of justice so require. Our examination of the transcript discloses that no plain error affecting any substantial right of defendants was committed in the trial of the cause. See Civil Rule 79.04.

For the reasons stated, we have reached the conclusion that we should enforce the clear terms of Civil Rule 83.09 by dismissing the appeal. We deem it unnecessary to cite the abundant case authority for such action.

Accordingly, the appeal is dismissed.

All concur.