SLOAN'S MOVING AND STORAGE COM-
PANY et al., Plaintiffs-Appellants,

v.

Frank KRIZ et al., Defendants-
Respondents (two cases).

Lawrence A. DAY, Doing Business as Day
Moving & Express Company,
Plaintiff-Appellant,

v.

Conway BRISCOE et al., Defendants-
Respondents.

Nos. 31937, 31938, 32117.

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

David E. Horn, Don B. Faerber, St. Louis, for plaintiffs-appellants Sloan's Moving & Storage Co. and others.

Thomas F. McGuire, City Counselor, John J. Fitzgibbon, Associate City Counselor, Thomas J. Neenan, St. Louis, for defendants-respondents Kriz and others.

David E. Horn, St. Louis, for plaintiff-appellant Day.

Thomas F. McGuire, City Counselor, John J. Fitzgibbon, Associate City Counselor, Deeba, DeStefano, Sauter & Herd, Charles M. Deeba, St. Louis, for defendants-respondents Briscoe and others.

ANDERSON, Judge.

These are appeals from three judgments of the Circuit Court affirming orders of the Board of Public Service of the City of St. Louis granting to each respondent a certificate of convenience and necessity to operate one additional truck as a public mover. There were three separate cases and three appeals. Separate briefs were filed in each case, but the cases were consolidated for hearing in this court. Cause # 31,937 involves the certificate issued to Willie Dennis. Cause # 32,117 involves the certificate issued to Elmer Rosemann, Sr., and Joe Werner d/b/a Rosemann & Werner. Cause # 31,938 involves the certificate issued to Joe Sirkin. The record in each case consists of the testimony before the Board of Public Service, and numerous exhibits and documents considered by the board. Respondents in each case have filed motions to dismiss on the ground that appellants' brief in each case fails to comply with Civil Rule 83.05, V.A.M.R.

In each case the appellants in an assignment of error urge that the record before the Board of Public Service failed wholly to establish the public convenience and necessity for such service, and the public demands requiring such service; and did not show the effect the proposed moving service would have upon other moving services being rendered. It thus appears that to decide the issues on these appeals, it would be necessary for this Court to examine the evidence adduced together with the exhibits and document contained in the records.

The statement of facts in each case contains merely a short chronological history of the proceedings, without a narration of the facts developed by the testimony or facts shown by the exhibits or documents which are a part of the record in each case. This evidence related to the issues determined below and under question in this Court. The only reference to this evidence was the statement in each brief that, "[t]he transcription of the testimony and the other papers sent to the Circuit Court by the Board of Public Service have been brought up on this appeal." There was therefore a clear violation of Civil Rule 83.05(c) V.A.M.R., which calls for a fair and concise statement of the facts relevant to the questions presented for determination. Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647; Walker Bros., Inc. v. J. K. Seear (U.S.A.) Limited, Mo.App., 364 S.W.2d 51; Glick v. Glick, Mo.App., 360 S.W.2d 333; Weinbrenner v. McCall, Mo.App., 336 S.W.2d 532; Gorman v. Kauffman, Mo. App., 188 S.W.2d 70.

In causes # 31,937 and # 31,938, there are further violations of said rule in that said statements contain the following argumentative and untrue matter: "[t]here is no evidence in the record of the public necessity and convenience relating to moving service or of the demands of the public requiring proposed additional service or of the effect which the proposed service may have on other moving service being rendered."

■ There is a further violation of the rule in each case in that the points relied on, under the heading "Points and Authorities" are mere abstract statements of law without any showing how they are related to any action of the Court. The statements in each case contain no page references to the transcript.

■ In our judgment, the motion to dismiss filed in each case should be sustained. Before reaching this conclusion, we carefully studied the briefs in each case and the transcripts and have determined that the rules should not be suspended in the interest of justice because each case was correctly decided below on the merits.

The motion of Respondents in each case is sustained, and said appeals are dismissed.

WOLFE, P. J., and RUDDY, J., concur.