**William E. LANE, Jr., and Katherine M. Lane, Plaintiffs-Respondents,**

**v.**

**Elmer KATT and Helen Greibing, Executor and Executrix of the Estate of Martin Katt, Deceased, Emilie Katt, Elmer Katt, and Marie Katt, Defendants-Appellants.**

No. 32734.

St. Louis Court of Appeals.

Missouri.

Oct. 17, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 28, 1967.

Application to Transfer Denied Jan. 8, 1968.

Francis Toohey, Jr., Leo J. Rozier, Perryville, for appellants.

Buerkle & Lowes, by Albert C. Lowes, Jackson, for respondents.

CLEMENS, Commissioner.

This suit for injunction and damages arose from a dispute between neighbors over the location of an old boundary-line fence. Plaintiffs got a judgment and the defendants appeal.

The disputed area is a strip 8 feet by 600 feet, flanked by the fence. In the spring of 1963 the defendants cut down a tree in the fence line, tore up part of the fence, and declared their right to move the rest of it.

Thereupon, the plaintiffs sued for the injunction and damages.

Admittedly, the fence stood on defendants' land, but plaintiffs relied on a written agreement executed in 1924 by the parties' predecessors in title. By that document defendants' predecessors had agreed not to move the fence without the consent of plaintiffs' predecessors. Although plaintiffs' predecessors had sold their land, they had not consented to moving the fence. On submission of the case the court enjoined defendants Martin Katt, Elmer Katt and Marie Katt from disturbing the fence. Further, the court gave plaintiffs $25 actual and $25 punitive damages against those three defendants. They appeal. (On September 18, 1967, we ordered that "Elmer Katt and Helen Greibing, Executor and Executrix of the Estate of Martin Katt, deceased, be and they are hereby substituted as appellants in place of the said Martin Katt * * *.")

We are faced first with plaintiffs' motion to dismiss defendants' appeal. Plaintiffs contend that the defendants' brief fails to comply with Civil Rule 83.05(a) (3) and (e), V.A.M.R., which requires an appellant's "points relied on" to be specific. We have concluded that defendants' points relied on are so general that they preserve nothing for review. Their points:

"I. The court erred in overruling Appellants' motion to dismiss for the reason that all the parties in interest were not made parties to this action for a declaratory judgment.

"II. The trial court erred in admitting into evidence aerial photographs which had not been properly identified.

"III. The judgment of the court on Count I of Respondents' petition was contrary to the weight of the evidence.

"IV. The judgment of the court on Count II of Respondents' petition was contrary to the weight of the evidence."

In Pauling v. Rountree, Mo.App., 412 S. W.2d 545[1], we stressed an appellant's obligation under Civil Rule 83.05(a) and (e), V.A.M.R., saying: "Subsection (a) requires an appellant's brief to contain the 'points relied on,' which shall state what actions or rulings of the trial court are sought to be reviewed and *wherein and why* they are claimed to be erroneous. Subsection (e) emphasizes this, declaring that the points relied on shall concisely state *why* the trial court was wrong in any ruling or action sought to be reviewed. In effect, the rule says the points relied on should be used as a target pistol firing at a bull's-eye, not as a shotgun firing at clay pigeons."

■ Considered together, the defendants' four points relied on here run afoul of the rule that abstract statements of law or fact will not be considered. This, because they "do not state the actions or rulings of the court claimed to be erroneous and why the court was wrong." Turner v. Calvert, Mo., 315 S.W.2d 118[2], and Repple v. East Texas Motor Frieght Lines, Mo., 289 S.W.2d 109[3]. And, considered singly, each of defendants' points is similar to points in other briefs that have been condemned as defective under our civil rules.

■ Defendants' first point concerns omitted parties in interest. The point tells neither opposing counsel nor this court who those parties are, what their interest is, or why they are necessary. The point fails to say why the trial court erred. A similar point was condemned in the case of In re Alexander's Estate, Mo., 360 S.W.2d 92[4].

■ Defendants' next point that the court erred in admitting aerial photographs is an abstract assertion. In Wachter v. Grogan, Mo.App., 410 S.W.2d 550[10], we condemned a point like that because it did not say why the ruling was erroneous. See, also, McGrail v. Schmitt, Mo., 357 S.W.2d 111[11].

■ Defendants' last two points say the judgment was contrary to the weight of the

evidence. For many years such assignments have been held too general to preserve anything for review. Matthews v. Karnes, 320 Mo. 962, 9 S.W.2d 628[5], and Gilbert v. Malan, 231 Mo.App. 469, 100 S.W.2d 606[1].

In declining to accept abstract assertions as proper points relied on, we said in Pauling v. Rountree, supra, 412 S.W.2d 1. c. 549[11]: "In doing this we follow the time-honored principle that the purpose of rules of appellate procedure is to enable counsel and the court to get down to the hard-core issues of the case. This can be done only when the appellant's brief precisely informs the respondent and the appellate court just what those issues are. The rules must be enforced or abandoned, for when an appellate court does not enforce its rules it unjustly penalizes those who labor to obey them. See Sullivan v. Holbrook, 211 Mo. 99, 109 S.W. 668[2]. That case was followed in the landmark case of Ambrose v. M. F. A. Co-Operative Assn. of St. Elizabeth, Mo. (banc), 266 S.W.2d 647, where appellants were again warned of the results of violating rules of appellate procedure. Since 1954, appellate courts have cited the Ambrose case an average of six times a year. We cannot, in good conscience, ignore the failures of defendant's brief to comply with our rules." That statement is appropriate here.

■ Civil Rule 83.09, V.A.M.R., requires us to dismiss defendants' appeal for failure to comply with Civil Rule 83.05, V.A.M.R., unless there is a showing that justice requires otherwise. No such showing appears. Weinbrenner v. McCall, Mo.App., 336 S.W.2d 532. We grant plaintiffs' motion to dismiss the appeal.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the appeal is dismissed.

ANDERSON, P. J., and RUDDY and, WOLFE, JJ., concur.

Motion for Rehearing or to Transfer

PER CURIAM.

■ In their motion for rehearing or to transfer, the appellants urge the proposition that since this was a court-tried case they are entitled, under Civil Rule 73.01(d), V.A.M.R., to a review of the entire case upon both the law and the evidence. True, but that does not excuse them from compliance with Civil Rule 83.05, V.A.M.R., requiring that the points relied on in their brief contain specific statements of error. The appellants' Points Relied On here merely state that the judgment "was contrary to the weight of the evidence", that tells neither court nor counsel wherein or why the trial court erred. In Schlanger v. Simon, Mo., 339 S.W.2d 825[1, 3], the Supreme Court acknowledged the right to an appellate review of the entire case in an equity suit, but added: "But the appellate court performs the above functions only in respect to the specific matters urged by appellant as constituting error. It does not review the whole case on its own initiative to determine what result it would have reached if it were sitting as the trial judge. * * * An appellate court should not become an advocate of one of the parties, and therefore it is not the duty of an appellate court to search the evidence is an effort to find some theory, and facts in support thereof, to establish a general assertion that the trial court reached the wrong result." See, also, Yates v. White River Valley Electric Co-Operative, Mo.App., 414 S.W.2d 808[4]. Appellants' motion for a rehearing or, in the alternative, to transfer to the Supreme Court is denied.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.