**William P. COLE, Plaintiff-Appellant,**

v.

**Izetta COLE, Defendant-Respondent.**

**No. 35482.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 26, 1974.

Shaw & Howlett, Charles M. Shaw, Clayton, for plaintiff-appellant.

Davis & Davis, Warren W. Davis, Clayton, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by plaintiff, William P. Cole, from a judgment entered by the Circuit Court of the City of St. Louis which denied plaintiff's motion to quash an execution. We affirm.

Execution on plaintiff's property was sought on March 14, 1973, by defendant Izetta Cole, plaintiff's former wife. Her affidavit alleged that a decree of divorce dated February 24, 1966, granted her alimony of $40.00 per week, attorney's fees of $250 and court costs and due to her former husband's refusal to comply with the decree she was presently owed a total of $15,630.83 including alimony and accrued interest, attorney's fee and costs.

Plaintiff's evidence was to the effect that he owed nothing because over the years he had given defendant either money or paid her bills; or made other in-kind payments with her consent. As to be expected, defendant's evidence was to the contrary.

By Rule 73.01(d), V.A.M.R., we review the case upon both the law and the evidence. We are not required to review the entire case to determine what the outcome would have been if we had sat as a trial court; instead, our review extends only to matters properly reviewable and specifically raised by appellant as constituting error. Dill v. Poindexter Tile Co., 451 S.W.2d 365, 371 (Mo.App.1970); Schlanger v. Simon, 339 S.W.2d 825, 828 (Mo. 1960). On the other hand, however, while we are not bound by the trial court's findings and can make our own findings, we should not set aside the trial court's judgment unless it is clearly erroneous, Harrison v. Harrison, 339 S.W.2d 509, 514 (Mo. App.1960); Rule 73.01(d), and we should affirm the judgment if sustainable on any theory, In re M—— K——, 493 S.W.2d 686, 688 (Mo.App.1973). Consideration is given to the trial court's ability to judge the credibility of the witness, Rule 73.-01(d).

■ In the instant case, the testimony is in conflict and we give deference not only to the court's finding on the issue of credibility but also to its conclusions, Nutz v. Shepherd, 490 S.W.2d 366, 369 (Mo.App. 1973), and since no specific findings were requested, all fact issues are deemed to have been found in accordance with the results reached, Rule 73.01(d). Consequently, inasmuch as the trial court resolved the conflict in evidence in favor of the defendant, and we see nothing in its judgment clearly erroneous, we affirm the judgment.

We were at first inclined to dismiss this appeal for the reason that appellant's brief failed to comply with Rule 84.04(d). We make the following observation:

Plaintiff's points are as follows:

"I Judgment Sustaining or Overruling a Motion to Quash Is a Final Judgment and Thus Appealable.

"II The Burden of Sustaining the Motion to Quash Rested Upon Appellant. Appellant Pleaded Payment, an Affirmative Defense, and It Was Incumbent Upon Appellant to Produce Substantial Evidence Showing Payment of the Judgment.

"III Payment May Be Proved by Circumstantial as Well as by Direct Evidence and May Be Established by Proof of Facts and Circumstances From Which the Inference of Payment May Be Drawn.

"IV Trial Having Been Without a Jury, Review on Appeal Is Upon Both the Law and the Evidence. The Appellate Court Is Not Bound by the Trial Court's Findings and Has the Authority as Well as the Duty to Consider the Evidence and Make Its Own Findings.

"V If an Execution Calls for More Than the Amount Lawfully Due, the Order Should Be to Quash the Execution to the Extent of the Excess Over the Amount Due and to Amend It by Reducing It to the Correct Amount."

In Pauling v. Rountree, 412 S.W.2d 545 (Mo.App.1967), we stressed an appellant's obligation under Civil Rule 83.05(a) and (e) (renumbered Rule 84.04(d), June 1, 1971, effective January 1, 1972) saying " . . . Subsection (a) requires an appellant's brief to contain the 'points relied on,' which shall state what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous. Subsection (e) emphasizes this, declaring that the points relied on shall concisely state why the trial court was wrong in any ruling or action sought to be reviewed. In effect, the rule says the points relied on should be used as a target pistol firing at a bull's-eye, not as a shotgun firing at clay pigeons . . ."

■ Rule 84.04(d) directs that the points relied on cite actions or rulings of the trial court to be reviewed and state why they are claimed to be erroneous. Mere abstract statements of law preserve nothing for review. Kansas City v. Garza, 493 S.W.2d 659 (Mo.App.1973). This rule also applies to the review of court-tried cases, Boyd v. Boyd, 459 S.W.2d 8, 12 (Mo.App.1970).

Considered together the defendant's five points relied on here run afoul of the rule that abstract statements of law or fact will not be considered. This because they do not state the action or ruling of the court claimed to be erroneous and why the court was wrong. Lane v. Katt, 421 S.W.2d 544 (Mo.App.1967).

■ Applying Rule 84.04(d) to plaintiff's points relied on, we find that even a cursory examination proves all of the matter asserted therein to be mere abstract statements of the law. Nothing contained in any of the points urged attempts to show either how or why the court committed error. Moreover, we as an appellate court, have no duty to search the argument portions of the brief to ascertain the import of abstractions presented as points relied upon. State v. Mitchell, 500 S.W.2d 320, 323 (Mo.App.1973).

**521**

In declining to accept abstract assertions as proper points relied upon we said in the Pauling case, supra, ". . . In doing this we followed the time-honored principle that the purpose of rules of appellate procedure is to enable counsel and the court to get down to the hard-core issues of the case. This can be done only when the appellant's brief precisely informs the respondent and the appellate court just what those issues are. The rules must be enforced or abandoned, for when an appellate court does not enforce its rules it unjustly penalizes those who labor to obey them. . ."

■ Civil Rule 84.08 requires us to dismiss an appellant's appeal for failure to comply with Civil Rule 84.04, V.A.M.R., unless there is a showing that justice requires otherwise. No such showing appears. Weinbrenner v. McCall, 336 S.W. 2d 532 (Mo.App.1960). Accordingly, we could have dismissed plaintiff's appeal for failure to comply with Rule 84.04(d); however, out of deference to the parties we considered the appeal and affirm the judgment on the merits.

Judgment affirmed.

SIMEONE, P. J., concurs in separate concurring opinion.

GUNN, J., concurs and concurs in separate opinion of SIMEONE, J.

SIMEONE, Presiding Judge (concurring).

I agree with the result which disposes of the cause on the merits and which holds that the appellant has failed to conform to the rules relating to appellate procedure, Rule 84.04. The time has come for all counsel on appeal to scrupulously follow and conform to the Rules of the Supreme Court relating to appellate practice. While I am sympathetic with the great demands on the time of counsel, too often we have been lenient with the rules either because of our deference to the members of the bar or to the rights of the parties so that their important interests may be determined. We have therefore ignored or did not record the many failures to follow the Rules, to analyze the issues before the court or the lack of adequate discussion and analysis of important points raised by an adversary or found by this court. Too often the statement of facts in the briefs is merely a summary of the testimony of each witness seriatim contrary to the rule. Too often the statement of facts is wholly incomplete so that we must sift and search for the facts. A statement of facts which follows the rules should be clear, complete, accurate and concise so that they could almost be used verbatim in an opinion. Too often respondents will merely adopt the appellant's incomplete statement of the facts or ignore points or arguments raised by appellant. Thus the court is left alone to develop the facts, render a decision and write an opinion without the benefit of counsel's thoughts and complete analysis of the points and issues. We no longer can afford the luxury of doing the work of an advocate on appeal [Donnell v. Vigus Quarries, Inc., 489 S.W.2d 223 (Mo.App. 1972)], and of necessity must make closer examination of briefs and, where deficient, simply dismiss the appeal and let the consequences fall where they may. If a cause is important enough to have it reviewed by an appellate court, it deserves the time, effort, sweat and toil worthy of the good lawyers we have in our Bar and which is worthy of a professional person.

Long ago one of our greatest jurists said:

"The rules of appellate practice . . . are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. . . . If they are not to be obeyed they should be done away with once for all. . . ." Sullivan v. Holbrook, 211 Mo. 99, 109 S. W. 668, 670 (Mo.1908).

We sincerely hope that the advocate will aid this court, and present the facts, issues, authorities, and argument fully and properly on appeal so that the cause may properly, fairly and justly be reviewed.

Having said this, I agree with Judge McMillian's opinion that the judgment on the merits should be affirmed. The issues involved were matters of credibility, and I cannot say that the trial court was clearly erroneous. Rule 73.01(d). The trial judge had the opportunity to see and hear the witnesses, and we must give due deference to its findings.