COMMERCE BANK OF KANSAS CITY, N. A., a Banking Corporation, Plaintiff-Respondent,

v.

William E. CONRAD, Defendant-Appellant.

No. 38884.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 27, 1977.

William E. Conrad, pro se.

Robert N. Feldmann, Gary A. Growe, St. Louis, for plaintiff-respondent.

PER CURIAM.

This appeal is from a judgment of the Circuit Court of St. Louis County for $947.64 in favor of the plaintiff-respondent and against the defendant-appellant, William E. Conrad. The action was instituted in the Magistrate Court of St. Louis County wherein judgment in the amount of $947.64 was entered in favor of the plaintiff-respondent and defendant-appellant perfected his appeal to the Circuit Court of St. Louis County for trial de novo. In the Circuit Court, as in the Magistrate Court, the defendant-appellant appeared in propria persona, and the cause was tried to the court without a jury in each instance. The judgment aforesaid was entered by the Circuit Court and defendant-appellant filed a notice of appeal to the Missouri Court of Appeals, St. Louis District. Subsequently appellant filed a motion for transfer to the Supreme Court of the State of Missouri. This motion was denied.

Throughout this case, as in this court, the defendant-appellant chose to appear pro se and has filed a pro se brief in this court on

appeal of the aforesaid judgment of the Circuit Court. His brief is a composite of legalistic phrasing and acrimonious allegations directed against the trial judges in both the Magistrate and Circuit Courts in which the cause was tried.

■ We find ourselves unable to decide this case on the merits because the Statement of Facts contained in defendant-appellant's brief is so woefully deficient and constitutes a flagrant failure to comply with the requirements of Rule 84.04(c). We are compelled to dismiss this appeal on this basis alone.

■ While the defendant-appellant has the right to try and appeal his own case, he is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel. *State v. Bruce,* 554 S.W.2d 482, 483[2] (Mo.App. 1977); *Collector of Revenue of the City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens,* 531 S.W.2d 100[2] (Mo.App.1975).

■ Rule 84.04(c) requires that a Statement of Facts be a fair and concise statement of the facts relevant to the questions presented for determination without argument. The purpose of this Rule is to provide the appellate court with an immediate, accurate, complete and unbiased understanding of the facts of the case. *Wipfler v. Basler,* 250 S.W.2d 982, 984[3] (Mo.1952). The Statement of Facts in defendant-appellant's brief utterly fails to accomplish this purpose and is violative of the Rule in numerous ways.

■ Defendant-appellant's Statement of Facts fails to make any reference to the subject matter of the suit. While it contains a chronological compendium of the procedural history of the case, it fails to provide any facts informing this Court of the general nature of the controversy. A Statement of Facts which contains no relevant facts is violative of Rule 84.04(c). *Walker Brothers, Inc. v. J. K. Seear (U. S. A.) Ltd.,* 364 S.W.2d 51, 52[1] (Mo.App. 1962). It is a flagrant violation of not only the requirement of the Rule that the facts be presented without argument in this portion of the brief—Rule 84.04(c)—but it contains remarks and allegations unsupported by citation to the part of the transcript of the record where they may be found. It accuses the Magistrate Judge of collusion with the plaintiff-respondent, the acts and decisions of the Circuit Court Judge are categorized as "unconstitutional" and it accuses the Circuit Court Judge and the plaintiff-respondent of conspiring. These remarks and others contained in defendant-appellant's Statement of Facts represent they type of inflammatory and biased comments prohibited in a Statement of Facts by Rule 84.04(c).

■ Defendant-appellant repeatedly argues law in the Statement of Facts and presents erroneous conclusions as to what the applicable law is. A recitation of the law—even when correct—is improper in the Statement of Facts portion of the brief, and is a violation of Rule 84.04(c). *State v. Div. 1287 of Amalgamated Employees of America,* 361 S.W.2d 33, 45 (Mo. banc 1962).

■ Finally, defendant-appellant's Statement of Facts is so confusing that it fails in its essential purpose of providing the reviewing court with an "understanding" of the case. The lack of organized discourse, incomplete sentences, and intertwining statements of fact and law, render his Statement of Facts incoherent. A Statement of Facts which violates Rule 84.04(c) is sufficient grounds for dismissing an appeal. *Devoy v. Devoy,* 502 S.W.2d 428, 430[2] (Mo.App.1973).[1]

1. In addition to the violation of Rule 84.04(c), defendant-appellant's brief contained 47 allegations of error in the Points Relied On portion of said brief; 29 directed to alleged errors in the Magistrate Court and 18 to those errors allegedly occurring in the Circuit Court. Many of these, like the Statement of Facts, did not comply with Rule 84.04(d), and consisted of lengthy rambling statements of inappropriate legal references which had no application to the case. A reading of the transcript reveals an admission by the defendant-appellant that his only defense to plaintiff's claim was that BankAmericard or the plaintiff should not have extended credit to him under the circumstances and therefore he felt he should not have to pay.

While the Rules of Civil Procedure are to be liberally construed to promote justice and to minimize the number of cases disposed of on procedural questions, this court would be derelict in its duty if it did not insist upon at least a substantial compliance with rules governing brief on appeal. *Walker Brothers, Inc. v. J. K. Seear (U. S. A.) Ltd.,* supra, l. c. 52[2]. Under the circumstances we find it necessary to dismiss defendant-appellant's appeal.

The appeal is dismissed.

All Judges concur.